*McMeans* for plaintiff.

*McClury* for defendant in Error.

---

Briggs and McClure *against* Greenlee.

*December*, 1823.

JUDGE *Crenshaw* delivered the opinion of the Court.

In this case it is assigned as Error, 1st, That the writ does not appear to have been executed by an officer or other authorized person. The return to the Writ is in these words : " Executed, *R. Bradford*, D. S. for *John Yancy*, Sheriff." The judgment was by default. In a former decision, this Court held that the return of a writ by a Deputy Sheriff in his own name, without that of his principal, did not legally shew the service of the process.(*a*) But this Court has more than once decided that if the deputy uses the name of the principal so that the act done purports to be the act of the principal though done by his deputy, the return is sufficient.

1st, Executed by R. B., D. S. for J. Y., Sheriff, is a sufficient return of the execution of the Writ. 2d, Omission of profert can be taken advantage of by special demurrer only. 3d, If judgment be for correct amount, it is immaterial what part of it is called Debt, and what damages.

(*a*) *Lands vs. Patteson, ante, 14.*

It is secondly assigned that no profert is made of the writing obligatory declared on. Our Statute of amendments cures any defect of form, from the commencement to the conclusion of an action, which is not specially assigned as cause of demurrer.

What are matters of form ? And what matters of substance ? All matters essential to the merits of the action are matters of substance. Here it was matter of substance to set forth in the declaration the defendants' contract, and their breach thereof, or liability for non-performance. Matter of form is that which cannot aid the merits of the action, or superinduce any new force or virtue to the cause of action, or vary the nature or legal effect of the writing declared on. I cannot discover any good reason why profert should be considered even necessary matter of form, if made ; the writing declared on does not become part of the Record unless oyer be craved ; and the defendant, if he requires it, is entitled to oyer, whether profert be made or not.

The third assignment is that the judgment is *in numero*, for Debt and Damages, when the Debt and Damages should be separate. The judgment is for $161\frac{50}{100}$ Debt and Damages. There was no mistake in ascertaining the amount due ; the objection is, that it was not called by the right name. The Record shews the cause of action with sufficient certainty to be plead in bar to another action for the same cause, and that the plaintiff recovered no more than he was entitled to. If the judgment had been for $150 Debt, and $11\frac{50}{100}$ Damages, the amount recovered would still be the same, $161 50. I presume that it is immaterial to the defendants who are to pay, or to the plaintiff who is to receive that sum ; whether it be called Debt, or Damages, or both ; or how much by the one name, and how much by the other. The judgment refers to the declaration, and the law supposes the sums recovered to bear the denominations which best comport with the declaration.

All the objections in this case are to mere matters of form : none of them reach the merits, or come within the views of justice. Were the judgments of our Courts to be disturbed on such grounds, few indeed, I presume, would stand the test of this sort of criticism.

The judgment of the Circuit Court must be affirmed. In this opinion the Court are unanimous.

*Owen* and *Gayle*, for plaintiffs.
*Patton*, for defendant in Error.